UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COASTAL DRILLING COMPANY, LLC                              CIVIL ACTION

VERSUS                                                                            NO. 17-188

BRANDON CREEL                                                       SECTION "R" (3)

## ORDER AND REASONS

Before the Court is Defendant Brandon Creel's motion to dismiss Plaintiff Coastal Drilling Company, LLC's complaint for declaratory judgment.[1] For the following reasons, the Court grants defendant's motion.

## I.   BACKGROUND

Coastal Drilling Company employed Creel as a floorhand on Rig 20, an inland waters drill barge operating in the navigable waters of Louisiana.[2] On July 17, 2016, Creel reported that he was involved in an accident on the drill floor, and alleged that he sustained injuries to his neck, right shoulder, multiple sections of his spine, and his hips.[3] On July 21, 2016, Coastal received a notice of representation from Creel's attorney in regard to the

---

[1]   R. Doc. 7.
[2]   R. Doc. 1 at 2 ¶ 5.
[3]   *Id.* ¶ 6.

assertion of a Longshore and Harbor Workers Compensation Act claim.[4] The

following week, Creel's attorney requested that Coastal authorize follow up

care with a physician of Creel's choice, which Coastal approved.[5]

When Creel did not return to work, Coastal began maintenance

payments to Creel.  But Coastal also began surveilling Creel to determine if

his activities were consistent with his complained-of injuries.[6]  According to

Coastal, Creel was observed and documented engaging in physical activity

inconsistent with his alleged injuries.[7]  For example, on October 20, 2016,

Creel's doctor recommended arthroscopic surgery on Creel's right shoulder

because of its alleged lack of response to conservative treatment, but Coastal

alleges that it documented Creel lifting a spare tire out of a car with his right

arm within hours of the doctor's recommendation.[8]

Creel sought authorization from Coastal for the right shoulder

surgery.[9]   Based on its surveillance, Coastal scheduled an independent

medical evaluation to take place on November 22, 2016.  During the IME,

Creel allegedly made statements inconsistent with the physical activity

---

[4]      *Id.* at 3 ¶ 9.
[5]      *Id.* ¶ 10.
[6]      *Id.* at 4 ¶ 13.
[7]      *Id.* ¶ 14.
[8]      R. Doc. 9 at 2.
[9]      R. Doc. 1 at 5 ¶ 17.

observed through surveillance.[10]  The IME report stated that there was no evidence that Creel required right shoulder surgery, and after reviewing the surveillance footage, the IME physician stated that he would not recommend surgery.[11]

Based on the IME report and recommendation, Coastal declined to authorize the surgery.  According to Coastal, Creel intends to proceed with the surgery and to make a claim against Coastal for cure and/or damages, punitive damages, and attorney's fees.[12]  Coastal filed this action seeking declaratory relief that Creel is not entitled to maintenance and cure, damages, punitive damages, or attorney fees, and that Creel is obligated to reimburse Coastal for the maintenance already paid to Creel.[13]

Creel now moves to dismiss Coastal's action, arguing that as a Jones Act seaman he has the right to have a jury decide his maintenance and cure claim, and that granting Coastal's declaratory judgment would deprive Creel

---

[10]    *Id.* ¶ 17.
[11]    *Id.* at 5-6 ¶¶ 17, 18.  The IME physician also recommended that Creel undergo a neuropsychological evaluation to consider a diagnosis of somatoform disorder or possible malingering. R. Doc. 9-4 at 2.  Coastal filed a motion to compel this mental examination, which is currently pending before Magistrate Judge Knowles.  R. Doc. 10.
[12]    R. Doc. 1 at 7 ¶ 21.
[13]    *Id.* at 8 ¶ 24.

of his right to a trial.[14]   Coastal filed a response in opposition,[15] and Creel

replied.[16]  Additionally, on March 16, 2017, Creel filed a Jones Act complaint

against Coastal and Peak Energy, LLC, seeking maintenance and cure,

damages, punitive damages, and attorney's fees.[17]

## II.   DISCUSSION

When "considering a declaratory judgment action, a district court must

engage in a three-step inquiry." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d

891, 895 (5th Cir. 2000). First, the court must determine whether the

declaratory action is justiciable. Or, in other words, whether an "actual

controversy" exists between the parties to the action.  *Id.*  Second, if the court

has jurisdiction, it must determine whether it has the "authority" to grant

declaratory relief.  *Id.*  Finally, the court must determine whether to exercise

its discretion to decide or dismiss the declaratory action.  *Id.*

There is no question that the dispute at issue is justiciable because the

issue of whether maintenance and cure is owed is an actual controversy.  *See,*

*e.g.*, *Rowan Companies, Inc. v. Blanton*, 764 F. Supp. 1090 (E.D. La. 1991)

---

[14]      R. Doc. 7-1 at 3-4.
[15]      R. Doc. 9.
[16]      R. Doc. 20.
[17]      R. Doc. 1 in 2:17-cv-2207.  That action has been consolidated with
this case.  R. Doc. 35.

(citing *Rowan Companies Inc., v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989)).

Nor is the Court's authority to grant relief in question.  Rather, the Court

must decide whether to exercise its discretion to grant the requested relief.

Federal courts have great discretion to entertain, stay, or dismiss a

declaratory judgment action.  *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

In exercising this discretion, the Court must balance on the record the

purposes of the Declaratory Judgment Act and the factors relevant to the

abstention doctrine.  *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n,

Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). Among the factors that are relevant

to this consideration are:

> 1) whether there is a pending state action in which all of the
> matters in controversy may be fully litigated; 2) whether the
> plaintiff filed suit in anticipation of a lawsuit filed by the
> defendant; 3) whether the plaintiff engaged in forum shopping in
> bringing the suit; 4) whether possible inequities in allowing the
> declaratory plaintiff to gain precedence in time or to change
> forums exist; 5) whether the federal court is a convenient forum
> for the parties and witnesses; and 6) whether retaining the
> lawsuit in federal court would serve the purpose of judicial
> economy.

*See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).[18]

---

[18] *Trejo*'s seventh factor, whether the federal court is being called
on to construe a state judicial decree involving the same parties and entered
by the court before whom the parallel state suit between the same parties is
pending, is not applicable to the facts of this case.

5

First, although there is no pending state court action, Creel's subsequent Jones Act lawsuit in this Court is an action in which all of the matters in controversy may be fully litigated. That it is a federal court action, and not a state court action, is not determinative. *See Eldridge v. Magnolia Marine Transp. Co.*, No. 06-10744, 2008 WL 148310, at *3 n.2 (E.D. La. Jan. 11, 2008); *Hercules Liftboat Co. v. Jones*, No. 07-1236, 2007 WL 4355045, at *2 (W.D. La. Nov. 15, 2007). Additionally, that Creel did not file his action first does not counsel against dismissal, as courts have dismissed declaratory actions in similar situations even with no Jones Act complaint filed at all. *See, e.g., GlobalSantaFe Drilling Co. v. Quinn*, No. 12-1987, 2012 WL 4471578, at *2 (E.D. La. Sept. 26, 2012) (citing *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 390 (5th Cir. 2003)); *Offshore Liftboats, L.L.C. v. Bodden,* No. 12-700, 2012 WL 2064496, at *1 (E.D. La. June 7, 2012). Therefore, the first factor weighs in favor of dismissal.

Second, Coastal admits it filed its action in anticipation of a lawsuit filed by Creel.[19] The third factor is moot at this point because Creel filed his suit in this Court. The fourth factor weighs heavily in favor of dismissal. Allowing this action to be resolved by way of declaratory judgment would deprive Creel of his right to have a jury decide the issues of maintenance and

---

[19]    R. Doc. 1 at 7 ¶ 21; R. Doc. 9 at 5-6.

cure.  *See Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 21-22 (1963); *see also Blanton*, 764 F. Supp. at 1092 (noting that if maintenance and cure were determined in declaratory judgment action, "the principles espoused in *Fitzgerald* would be offended").

As to the fifth factor, since Creel has filed his action in this Court, the Court can assume that this is a convenient forum for the parties and witnesses.  Finally, allowing the declaratory action to remain would clearly *not* serve the purposes of judicial economy, as the Court would be faced with resolving the same issues at the same time through two separate judicial mechanisms.[20]  *See Chet Morrison Offshore, L.L.C. v. Heyden*, No. 06-8282, 2007 WL 1428697, at *1-2 (E.D. La. May 10, 2007).

Coastal's argument is based on Creel's then-failure to file his Jones Act claim, an argument that is now moot.[21]  Further, as mentioned above, even if Creel had not filed his action, this would not change the overall analysis. *See, e.g., Quinn*, 2012 WL 4471578, at *2; *Bodden,* 2012 WL 2064496, at *1.

---

[20]    The Court notes that dismissing Coastal's action could arguably not serve judicial economy in that Coastal will likely be required to refile its pending motion to compel a mental examination.  But Creel's action is before this Court, and any new motion to compel would again be before Magistrate Judge Knowles.    Therefore any additional resources necessitated by dismissing Coastal's action will be minimal.

[21]    R. Doc. 9 at 8-9.

Coastal also attempts to stave off dismissal by analogizing this case to *Rowan v. Griffin*, 876 F.2d 26 (5th Cir. 1989), and *Torch, Inc. v. Theriot*, 727 F. Supp. 1048 (E.D. La. 1990). The analogy is misplaced. In *Rowan*, the Fifth Circuit reversed the district court's dismissal of an employer's declaratory judgment action on maintenance and cure because the district court did not assign reasons for its dismissal. *Rowan*, 876 F.2d at 29-30. Further, *Rowan* acknowledged that its conclusion that the declaratory judgment complaint presented "a justiciable controversy does not mean that the district court is obliged to entertain the action." *Id.* at 28. *Theriot* does not save defendant's action either. Though *Theriot* denied a motion to dismiss an employer's declaratory judgment action on the issue of whether the employer's maintenance and cure obligations required it to pay for a specific surgery, 727 F. Supp. at 1052, *Theriot* has not been followed.

Accordingly, the Court finds that the factors articulated by *Trejo* warrant the dismissal of Coastal's declaratory action and that Coastal's arguments against dismissal are unavailing. The Court's conclusion is consistent with the well-established practice of courts in this district to dismiss preemptive declaratory judgment actions in maritime personal injury cases. *See, e.g.*, *Torch, Inc. v. Leblanc*, 947 F.2d 193, 195 (5th Cir. 1991); *Quinn*, 2012 WL 4471578, at *2; *Bodden,* 2012 WL 2064496, at *2-4;

8

*Eldridge,* 2008 WL 148310, at \*2-3; *Heyden,* , 2007 WL 1428697, at \*1-2; *Specialty Diving of Louisiana, Inc. v. Mahoney,* No. 05-1202, 2006 WL 4101325, at \*3 (E.D. La. Jan. 31, 2006); *Blanton,* 764 F. Supp. at 1092. The Court sees no reason to depart from this longstanding practice on the facts presented here.

## III.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

New Orleans, Louisiana, this __4th__ day of April, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

9