UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COASTAL DRILLING COMPANY, LLC        CIVIL ACTION

VERSUS                                NO. 17-188 C/W 17-2207

BRANDON CREEL                         SECTION "R" (3)


# ORDER AND REASONS

Before the Court is plaintiff[1] Brandon Creel's motion to dismiss his Jones Act complaint pursuant to Federal Rule of Civil Procedure 41(a)(2) without prejudice.[2] For the following reasons, the Court denies plaintiff's motion.

## I. BACKGROUND

Coastal Drilling Company employed Creel as a floorhand on Rig 20, an inland waters drill barge operating in the navigable waters of Louisiana.[3] On July 17, 2016, Creel reported that he was involved in an accident on the drill floor, and alleged that he sustained injuries to his neck, right shoulder,

---

[1] Though this case is captioned *Coastal Drilling Company, LLC v. Brandon Creel*, this matter was consolidated with docket number 2:17-cv-2207, in which Creel sued Coastal Drilling Company. R. Doc. 35.
[2] R. Doc. 39.
[3] R. Doc. 1 at 2 ¶ 5.

multiple sections of his spine, and his hips.[4] On July 21, 2016, Coastal received a notice of representation from Creel's attorney in regard to the assertion of a Longshore and Harbor Workers Compensation Act claim.[5] The following week, Creel's attorney requested that Coastal authorize follow-up care with a physician of Creel's choice, which Coastal approved.[6]

When Creel did not return to work, Coastal began maintenance payments to Creel. But Coastal also began surveilling Creel to determine if his activities were consistent with his complained-of injuries.[7] According to Coastal, Creel was observed and documented engaging in physical activity inconsistent with his alleged injuries.[8] For example, on October 20, 2016, Creel's doctor recommended arthroscopic surgery on Creel's right shoulder because of its alleged lack of response to conservative treatment, but Coastal alleges that it documented Creel lifting a spare tire out of a car with his right arm within hours of the doctor's recommendation.[9]

Creel sought authorization from Coastal for the right shoulder surgery.[10] Based on its surveillance, Coastal scheduled an independent

---

[4] *Id.* ¶ 6.
[5] *Id.* at 3 ¶ 9.
[6] *Id.* ¶ 10.
[7] *Id.* at 4 ¶ 13.
[8] *Id.* ¶ 14.
[9] R. Doc. 9 at 2.
[10] R. Doc. 1 at 5 ¶ 17.

medical evaluation to take place on November 22, 2016. During the IME, Creel allegedly made statements inconsistent with the physical activity observed through surveillance.[11] The IME report stated that there was no evidence that Creel required right shoulder surgery, and after reviewing the surveillance footage, the IME physician stated that he would not recommend surgery.[12]

Based on the IME report and recommendation, Coastal declined to authorize the surgery. Coastal then filed an action seeking declaratory relief that Creel is not entitled to maintenance and cure, damages, punitive damages, or attorney fees, and that Creel is obligated to reimburse Coastal for the maintenance already paid to Creel.[13] Coastal also filed a motion to compel a mental examination of Creel.[14]

Creel moved to dismiss Coastal's action, arguing that as a Jones Act seaman he has the right to have a jury decide his maintenance and cure claim, and that granting Coastal's declaratory judgment would deprive Creel of his right to a trial.[15] Additionally, on March 16, 2017, Creel filed a Jones

---

[11]  *Id.* ¶ 17.
[12]  *Id.* at 5-6 ¶¶ 17, 18. The IME physician also recommended that Creel undergo a neuropsychological evaluation to consider a diagnosis of somatoform disorder or possible malingering. R. Doc. 9-4 at 2.
[13]  *Id.* at 8 ¶ 24.
[14]  R. Doc. 10.
[15]  R. Doc. 7-1 at 3-4.

Act complaint in this Court against Coastal and Peak Energy, LLC, seeking maintenance and cure, damages, punitive damages, and attorney's fees.[16]

Relying in part on Creel's filing of a Jones Act complaint in this Court, the Court granted Creel's motion to dismiss Coastal's declaratory judgment action.[17] On the next day, April 5, 2017, Creel filed this motion to voluntarily dismiss his Jones Act complaint without prejudice.[18] Coastal opposes plaintiff's motion,[19] and has reasserted its motion to compel a mental examination of Creel.[20] Additionally, one day after filing his motion to dismiss, Creel filed an identical Jones Act suit against Coastal and Peak Energy in the 15th Judicial District Court for the Parish of Vermilion, Louisiana.[21]

On May 12, 2017, Magistrate Judge Knowles granted Coastal's motion to compel a mental examination and ordered Creel to undergo a psychological evaluation.[22]

---

[16] R. Doc. 1 in 2:17-cv-2207. That action has been consolidated with this case. R. Doc. 35.
[17] R. Doc. 36 at 6-9.
[18] R. Doc. 39.
[19] R. Doc. 41.
[20] R. Doc. 40.
[21] R. Doc. 41-1 at 2.
[22] R. Doc. 46.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." A decision as to whether to grant a dismissal under Federal Rule of Civil Procedure 41(a)(2) lies within the sound discretion of the district court. *Davis v. Huskipower Outdoor Equipment*, 936 F.2d 193, 199 (5th Cir. 1991). The Fifth Circuit has explained that, "as a general rule, motions for voluntary dismissal should be freely granted unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Triparth Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). In assessing the prejudice to the non-moving party, courts examine the stage of the litigation at which the motion is made. *See Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

## III. DISCUSSION

At the outset, the Court notes this case is in its early stages and no scheduling order or trial date has been set. Thus, this case has not proceeded to an extent that warrants the denial of Creel's motion on that basis alone. *See Brown v. Schlumberger Tech. Corp.,* No. 01-3755, 2002 WL 550986, at

*2 (E.D. La. Apr. 11, 2002). But this is not the only basis to deny a Rule 41(a)(2) motion.

Coastal argues that Creel's actions in filing this suit only to seek to dismiss it after the Court dismissed Coastal's declaratory action are a clear attempt to avoid an adverse decision by this Court ordering Creel to submit to a psychological evaluation.[23] Though Coastal's opposition to dismissal was filed before Magistrate Judge Knowles resolved Coastal's motion to compel, Coastal correctly predicted that Magistrate Judge Knowles would order Creel to submit to a psychological examination. An order granting Creel's motion to dismiss would allow Creel to avoid compliance with that order.

The Fifth Circuit has explained that granting a voluntary dismissal after an adverse trial court ruling can inflict legal prejudice on the defendant. *See, e.g.*, *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Although adverse rulings that rise to a level sufficient to warrant denying a voluntary motion to dismiss typically concern the underlying merits of the dispute, *see id.*, Magistrate Judge Knowles' order will have a substantial impact on the underlying merits of this dispute. Creel seeks authorization for shoulder surgery, a surgery that Coastal may ultimately have to pay for as

---

[23] *Id.* at 7.

part of its maintenance and cure obligations. The psychological examination to which Creel must now submit may determine that Creel is malingering and does not require surgery, a finding that may be dispositive of Creel's claims for medical expenses.

It is true that Creel filed his motion to dismiss before Coastal reasserted its motion to compel, and certainly before Magistrate Judge Knowles ruled on the motion.[24] But Coastal filed its first motion to compel a mental examination around six weeks before Creel's motion.[25] By the time Creel filed his motion to dismiss on April 5, 2017, the parties had already completed two rounds of briefing on Coastal's motion to compel and participated in an oral hearing before Judge Knowles.[26] Thus, while Creel's motion was filed before the adverse decision was actually handed down, it was evident that Creel could likely face an adverse decision. *See Davis*, 936 F.2d at 199 (affirming denial of Rule 41(a)(2) motion when motion was filed after Magistrate Judge made recommendation adverse to plaintiff but before district court ruled on the recommendation); *cf. Robles v. Atlantic Sounding Co., Inc.*, 77 F. App'x 274, 275-76 (5th Cir. 2003) (affirming voluntary

---

[24] *See* R. Docs. 39, 40, 46.
[25] R. Doc. 10.
[26] *See* R. Docs. 27, 28, 29.

dismissal because plaintiff-appellee did not face likely adverse ruling when he filed his Rule 41(a)(2) motion).

In addition, Creel's actions in this case are indicative of abuse. For starters, it is suspicious that Creel filed his Jones Act claim in this Court, and then one day after the Court relied on that lawsuit to dismiss Coastal's declaratory action, sought to dismiss his own suit. Creel has not given a reason for his actions, but it appears likely that they were designed to at least delay, if not avoid, a decision on Coastal's motion to compel. Further, as Magistrate Judge Knowles pointed out in his order, Creel has already obtained "surreptitious medical treatment with no notice to Coastal," raising a "red flag" in Magistrate Judge Knowles's opinion.[27] Creel's gamesmanship is inconsistent with the purpose of Rule 1 of the Federal Rules of Civil Procedure—to use the rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See Elbaor*, 279 F.3d at 317 (noting that Rule 41(a)(2) motions should not be granted, even if the defendant suffers no prejudice, if there is "evidence of abuse by the movant"); *Manshack*, 915 F.2d at 174 ("The courts must carefully monitor Rule 41(a)(2) voluntary dismissals to insure that they do not engender abuse."). Accordingly, Creel's conduct in this litigation favors denying his motion. *See,*

---

[27] R. Doc. 46 at 6.

*e.g.*, *Anderson v. Donovan*, No. 06-3298, 2010 WL 2464812, at *2 (E.D. La. June 4, 2010) (relying in part on plaintiff's conduct throughout litigation to deny her Rule 41(a)(2) motion); *George v. Prof'l Disbosables Int'l, Inc.*, No. 15- 3385, 2017 WL 1740395, at *3 (S.D.N.Y. May 2, 2017) ("[Plaintiff]'s course of conduct . . . weighs against dismissal without prejudice [under Rule 41(a)(2)].").

In sum, the Court finds that granting plaintiff's motion would cause Coastal to suffer legal prejudice in allowing Creel to avoid an adverse ruling, and that Creel's conduct in this case was abusive. Thus, Creel's motion to voluntarily dismiss his claims is denied.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss is DENIED.

New Orleans, Louisiana, this __1st__ day of June, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

9